FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:22-CV-03081-SAB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 11 and Defendant's Motion for Summary Judgment, ECF No. 16. Plaintiff is represented by D. James Tree; Defendant is represented by John Drenning, Michael Mullen and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Social Security benefits. ECF No. 1 After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 11, and grants Defendant's Motion for Summary Judgment, ECF No. 16.

**I.    Jurisdiction**

On October 15, 2015, Plaintiff filed an application for disability insurance benefits, with onset of October 5, 2015. Plaintiff's application was denied initially and on reconsideration. An ALJ found that Plaintiff was not disabled, and she

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS ~ 1

appealed that decision to the District Court, which remanded the case for additional proceedings.

On February 3, 2022, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel, D. James Tree and Robert Tree. Justin Puritan, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on June 24, 2022. ECF No. 1.

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; AFFIRMING DENIAL OF BENEFITS ~ 2

combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS ~ 3

claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff was 32 years old at the alleged date of onset. Plaintiff left school after the eighth grade, but she was able to obtain her GED. At the first hearing, she testified that she had a variety of jobs but she had trouble keeping them due to various problems, including anger, harassment, as well as her physical and mental issues. She was living with her grandmother and her fifteen-year-old son.

At the second hearing, Plaintiff testified that she works for Klickitat County as a certified nursing assistant (CNA). She testified that she works 12-hour shifts for six days and then is off for eight days unless she picks up extra shifts. Prior to obtaining her CNA license and her current job, Plaintiff worked for about a year or year and a half as the activity coordinator at New Hope Farms. She also got married.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 700-718. At step one, the ALJ found that Plaintiff engaged in substantial gainful activity during the following periods: April 2020 to present but found there had been a continuous 12-month period during which she did not engage in substantial gainful activity. AR 703.

At step two, the ALJ identified the following severe impairments: chronic obstructive pulmonary disease (COPD), carpal tunnel syndrome, gastrointestinal disorder, depressive disorder, posttraumatic stress disorder (PTSD), borderline personality disorder, and cannabis dependence. AR 703.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 704. Ultimately, the ALJ concluded that Plaintiff has a

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS ~ 5**

residual function capacity ("RFC") to perform:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stoop, crouch, and climb ramps and stairs; cannot crawl, kneel, or climb ropes, ladders, or scaffolds; and can frequently reach, handle, and finger. The claimant is able to remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP level one and two jobs and reasoning levels of two or less; in a work environment that is routine and predictable; can have no contact with the public; is capable or working in proximity to but not in coordination with co-workers; and can have occasional contact with supervisors.

AR 706.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 717.

At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including housekeeping cleaner, office helper, and small parts assembler. AR 718.

## VI. Issues

1. Whether the ALJ properly assessed Plaintiff's symptom testimony.
2. Whether the ALJ properly assessed the opinion evidence.
3. Whether the RFC mandates that Plaintiff be found to be disabled.

## VII. Analysis

### 1. Plaintiff's Symptom Testimony

The ALJ found that while Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; AFFIRMING DENIAL OF BENEFITS ~ 6

reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ discounted Plaintiff's statements because it believed the medical evidence was not consistent with the symptoms and limitations alleged by Plaintiff and the medical records show that while Plaintiff had some limitations, they were not as severe as she alleged. The ALJ noted that while the longitudinal record documented some continued symptoms, it also shows modest mental status examination findings and improvement with medication throughout the entire period at issue. The ALJ also relied on the fact that Plaintiff's activity levels were

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS** ~ 7

inconsistent with her claimed limitations.

These are specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. As such, the ALJ's credibility determination is supported by substantial evidence in the record.

### 2. The ALJ's Evaluation of the Medical Opinions

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. § 404.1527(c)(2)-(6); *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Plaintiff asserts the ALJ gave improper weight to Ms. K. Mata, M.S., M. Anders, LICSW, and Dr. Reinmuth. The ALJ gave little weight to these provider's opinions because they were not well-supported or consistent with the record as a whole. The ALJ noted the opinions were vague and based, for the most part, on Plaintiff's self-reports. Also, the ALJ found that, for the most part, the opinions did

not provide sufficient explanation or cite any objective evidence in support of the conclusions. The ALJ provided valid reasons for discounting these opinions, and as such, the ALJ's assignment of weight to these opinions are supported by substantial evidence in the record.

### 3. Whether the ALJ's RCF mandates a finding of disability

As set forth above, the ALJ limited Plaintiff to simple and routine instructions and tasks in a routine and predictable work environment; no work in contact with the public, or in coordination with coworkers; and only occasional contact with supervisors.

Plaintiff argues the limitation of "occasional contact with supervisors" requires a finding that she is disabled. Plaintiff asserts that the Vocational Expert's testimony that the inability be trained in the early days of employment due to the requirement of occasional supervision may amount to a sheltered work situation demonstrates that she is disabled.

This argument is without merit. Plaintiff was limited to occasional interaction with supervisors, which means that she could interact with supervisors for "up to 1/3 of the time."[1] At the hearing, Plaintiff choose an arbitrary subdivision of a workday, i.e. three-hour training period, and then asserts that based on the RFC, the supervisor could only be in contact with Plaintiff for one-third of that time. Common sense does not support this definition of occasional contact with supervisors. Moreover, the record does not support the necessity of a three-hour continuous block of training.

The RFC limited Plaintiff to interacting with supervisors for a third of each eight-hour workday. Because Plaintiff's attorney's hypothetical question did not reflect her actual limitations, the VE's testimony that such a limitation would

---

[1] "Occasionally" means "very little up to one-third of the time." See SSR 96-9p, available at 1996 WL 374185 *3.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS** ~ 9

require "special workplace accommodation" did not undermine the ALJ's analysis.

## VIII. Conclusion

Substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled from October 5, 2015 to February 24, 2022.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

3. The decision of the Commissioner is **affirmed.**

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 12th day of April 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AFFIRMING DENIAL OF BENEFITS ~ 10